**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM HARRIS | ) | |
| | ) | Civil Action No. 15 – 1493 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| POSKA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Amend Complaint (ECF No. 48) that Plaintiff

filed in response to this Court's Order granting him leave to file an amended complaint. After

reviewing the Motion to Amend Complaint, the Court finds that Plaintiff has failed to comply

with the instructions in the Court's Order dated May 13, 2016. Plaintiff's proposed amended

complaint is really a supplement to his original complaint, which the Court specifically said he

could not file. Plaintiff was told that he could file an amended complaint, which is a "stand-

alone document without reference to any other document filed in this matter." Instead, Plaintiff

filed an additional claim against additional defendants while still relying on his original

complaint. The Court specifically denied him leave to do just that. Therefore, the Court will

deny Plaintiff's Motion to Amend Complaint and strike his proposed amended complaint.

Plaintiff will be given one last chance to comply with the Court's instructions to file a complete

amended complaint. If he fails to comply with this Order then the Court will consider dismissing

this case.

In filing an amended complaint, Plaintiff shall comply with the following instructions.

## I. Instructions for Filing an Amended Complaint

### A. Caption and Heading

Plaintiff must place his full name at the top of the amended complaint.  Plaintiff must also add the names of **each** and **every** defendant.  Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[1]

### B. Jurisdiction

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum.  If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim.  In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

### C. Parties

As the person initiating the lawsuit, Plaintiff must identify himself as such.  Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment.  In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

Furthermore, Plaintiff must comply with **Federal Rule of Civil Procedure 20(a)**, which allows multiple defendants to be joined in one action if a claim against those defendants arises

---

[1]     Plaintiff should be aware that a defendant in a 42 U.S.C. § 1983 action "must have personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 437 n.3 (1981)).

**out of the same transaction or occurrence** and presents **questions of law or fact common to**

**all**. The mere fact that all defendants are employees at the same institution and all events

occurred at that institution is not a sufficient basis for proper joinder under Fed. R. Civ. P. 20(a).

Moreover, conclusory allegations of conspiracy and "patterns" of retaliation do not create a

common issue of law or fact. **If Plaintiff fails to comply with this Rule then the Court will**

**consider only the first set of related claims and strike the remainder of the amended**

**complaint.**

D.      **Statement of Claim**

Plaintiff must state what rights under the Constitution, laws, or treaties of the United

States have been violated. It is improper for Plaintiff to merely list constitutional rights or

federal rights. Plaintiff must provide a description of how the defendant(s) violated his rights.

E.      **Statement of Facts**

Plaintiff must provide specific details of precisely how his civil rights were allegedly

violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague

allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should

clearly describe how **each named defendant** is involved in the alleged constitutional

violation(s). This description should include references to relevant **dates, times, and locations**.

It should explain to the Court what happened by specifically describing **each** defendant's

behavior or action and how that behavior or action – or lack of action – resulted in the alleged

violations. Plaintiff should **not** include legal argument in his amended complaint. Citations to

case law and other statutes are not appropriate in the complaint, but rather may be included in a

response to a dispositive motion or at the time of trial. However, Plaintiff should be specific

about the particulars of the event, **<u>each</u>** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident.  Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count.  Each incident must be clearly and specifically described; it should include the relevant time, date, and location.  Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident.

**NOTE: THIS SECTION SHOULD <u>NOT</u> BE JUST A CHRONOLOGIAL LIST OF DATES WITH DESCRIPTIONS AS TO WHAT HAPPENED TO PLAINTIFF ON EACH DATE.**

**F.      <u>Injury</u>**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation.  Simply stating that his civil rights have been violated is insufficient.

**G.      <u>Previous Lawsuits</u>**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing.  Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**H.** **Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all

available administrative remedies before pursuing a civil rights complaint concerning prison

conditions.

**I.** **Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit.

The relief requested must be related specifically to the injury suffered. However, Plaintiff should

be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for

mental or emotional injuries suffered while in custody.

**J.** **Declaration Under Penalty of Perjury**

Plaintiff must sign his amended complaint and file it with the Clerk of the Court. When

doing so, Plaintiff is making a declaration under law to the Court that everything in the amended

complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the

filing of complaints and pleadings that are frivolous, without merit, based on false or misleading

information, etc. These sanctions or penalties can take many forms including, but not limited to,

dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

**AND NOW**, this 7th day of June 2016;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 48)

is **DENIED** to the extent Plaintiff seeks to file a supplemental claim to his original complaint

and his proposed amended complaint is hereby stricken from the record.

**IT IS FURTHER ORDERED** that Plaintiff is allowed until July 15, 2016 to file an

amended complaint that is compliant with these instructions. Plaintiff shall clearly mark his

complaint "Amended Complaint". The amended complaint <u>must include all of Plaintiff's claims</u>

<u>in this action and should not refer back to the original complaint.</u>  If Plaintiff fails to comply with this Order then the undersigned will recommend that this action be dismissed for his failure to prosecute.

<u>/s/ Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
United States Magistrate Judge


cc:  William Harris
     CX-7039
     SCI Fayette
     50 Overlook Drive
     LaBelle, PA  15450-0999

     Counsel for Defendants
     *Via CM/ECF electronic mail*