# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HARRIS, | ) | |
| | ) | Civil Action No. 15 – 01493 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| TREVOR WINGARD AND MAJOR WADSWORTH, | ) | ECF No. 82 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

For the reasons stated herein, the Defendants' Motion for Summary Judgment on the issue of exhaustion will be granted and the case dismissed with prejudice.

Plaintiff, William Harris initiated the instant action with the filing of a Motion to Proceed *in forma pauperis* on November 16, 2015. (ECF No. 1.) After the motion was granted, his Complaint was docketed on December 3, 2015. (ECF No. 3.) Plaintiff later filed an Amended Complaint on July 19, 2016. (ECF No. 55.) Discovery ensued. Defendants have filed a Motion for Summary Judgement solely on the issue of exhaustion. (ECF No. 82.)

## I. Exhaustion of Administrative Remedies

Plaintiff is an inmate currently incarcerated at the State Correctional Institution at Fayette (SCI-Fayette) and formerly at the State Correctional Institution at Somerset (SCI-Somerset). *See, generally*, Def.'s State of Mat. Facts (ECF No. 83 at p.1.) Plaintiff made a number of claims in his Amended Complaint, including but not limited to, placement in two cells with bent bedframes, false misconducts, and the seizure of his legal property. (ECF No. 55.) All claims

were dismissed by this court except for the claim against Defendants Wingard and Wadsworth of a transfer from SCI-Somerset to SCI-Fayette on March 17, 2015 in retaliation for filing several grievances at SCI-Somerset. Pl.'s Am. Compl. (ECF No. 68).

In his Amended Complaint, Plaintiff makes several factual allegations with regard to the alleged retaliatory treatment and transfer. On March 6, 2015 Plaintiff avers that he was told he was being sent to SCI-Fayette. When he asked why he was told "you'll find out when you get there." He avers that this statement (and the transfer) was made in retaliation for his filing of grievances. *Id*. at ¶ 6. Plaintiff further claims that on March 20, 2015 he was given documents containing disciplinary hearing results with sanctions by an unknown Restricted Housing Unit Officer. *Id*. at ¶ 5. When he asked what the documents were about, the Officer allegedly said, "It's what you get for filing grievances." *Id*.

Defendants argue that Plaintiff's retaliatory transfer claim against Defendants Wingard and Wadsworth should be dismissed because Plaintiff failed to comply with the administrative exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). The Act states that an inmate is required to exhaust their available administrative remedies before filing a federal lawsuit under 42 U.S.C. §1983. *Id*. Specifically, PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title by a prisoner confined in jail, prison, or other correctional facility until such administration remedies as are available are exhausted.

*Id*. The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Additionally, Congress has clearly mandated exhaustion, "regardless of

the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Courts have concluded that inmates who fail to comply with the prison grievance process are barred from litigating those claims in federal courts, as proper exhaustion of administrative remedies is a "prerequisite" to a suit in federal court. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

According to the Supreme Court, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006). Such requirements "eliminate unwarranted federal court interference with the administration of prisons, and thus seek[] to affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 93.

Even if the Plaintiff makes claims that the filing of a grievance would be futile for various reasons, the Third Circuit has held that, "the futility exception is not applicable in any case." *Nyhuis v. Reno*, 204 F.3d 65, 72 (3d Cir. 2000). Therefore, it does not matter whether or not the Plaintiff believes that the filing of a grievance would be ineffective. *Id*. at 78. Rather, he must continue to exhaust his administrative remedies when available to him. *Id*.

## II. <u>Plaintiff Failed to Exhaust Administrative Remedies</u>

Defendants argue that the sole claim remaining in this case should be dismissed as Plaintiff did not file a timely grievance, and thus did not exhaust his administrative remedies. *See, generally,* Def.'s Brief in Support of Mot. for Summ. J. (ECF No. 84). Additionally, the Plaintiff had forms available to him to file a grievance after his transfer. *Id*. at p. 6. Finally,

Defendants aver that Plaintiff failed to ask for an extension of time to file such a grievance. *Id*. Therefore, it is the Defendants' contention that the failure to exercise exhaustion through administrative remedies now precludes Plaintiff from bringing suit in this Court. *Id*. at p. 7.

Plaintiff does not dispute that he failed to file a grievance as to the retaliatory transfer. Rather, he argues in his response to Defendants' Motion for Summary Judgement that no grievance forms were available to him after the transfer. Pl.'s Resp. in Opp. to Mot. for Summ. J. (ECF No. 96 at p. 3.) He also contends that he first realized that his transfer from SCI-Somerset to SCI-Fayette was retaliatory only after he was released from the Restricted Housing Unit on April 14, 2015. *Id*. at p. 2. Thus, he would have been unable to bring a grievance, as he was not aware that the transfer was out of retaliation until, "well past the 15 working days to file a retaliatory transfer grievance via mail to SCI Somerset." *Id*. Plaintiff also believed that filing a grievance would be futile because he had filed a lawsuit against Heidi Spoka, who was the prison's grievance coordinator at the time. *Id.* at p.3.

Plaintiff's first contention is that he did not have grievance forms available to him at the time of the transfer. *Id*. at p. 2. Although Plaintiff claimed in his Response in Opposition to the Motion for Summary Judgement that he did not have grievance forms available to him at the time of the transfer, he admitted in his deposition that he did, in fact, have grievance forms available to him. (ECF No. 85 at p. 30.) According to Plaintiff, it was not the availability of grievance forms that prevented him from filing a grievance. *Id*. Rather, Plaintiff testified that he did not file any inmate grievances about the transfer from SCI-Somerset to SCI-Fayette because he had other issues to deal with. *Id*. Therefore, Plaintiff did have forms available to him and should have been able to file them at that time; he simply chose not to do so.

Plaintiff's second contention is that he was unaware that the transfer was retaliatory until it was too late to file a grievance. However, Plaintiff admitted in his deposition that he had reason to be suspicious. For example, he testified as follows : "I was told that I was being sent here to Fayette, …inquired as to why I was being sent back here, he told me I'd find out when I get here in an ominous tone." Pl.'s Dep. (ECF No. 85 at p. 18.) Plaintiff further testified that less than an hour after he arrived at SCI-Fayette, "the retaliatory actions started with Poska." *Id*. at p. 27. In addition, Plaintiff should have known on March 6 that this action was retaliatory when the unknown Restricted Housing Unit officer allegedly told him, "It's what you get for filing grievances." (ECF No. 55 at p. 4.) Therefore, it appears from both Plaintiff's deposition and his Response to the Summary Judgment Motion that he knew almost immediately that the transfer was retaliatory. Thus, he should have brought the grievance as soon as he was aware of this intent. Instead, he never filed any grievance on the issue.

Plaintiff did not seek an extension of time to file a grievance regarding his transfer because it was his belief that such a request was not allowed. (ECF No. 85 at p. 31.) However, Amanda West, who is responsible for maintaining records of the appeals filed with the Secretary's Office of Inmate Grievances and Appeals, stated that a time extension for filing a grievance can be considered on a case-by-case basis. Declaration of Amanda West (ECF No. 85, p. 38 ¶5.) According to Ms. West, one example of a reason to grant such a delay would be, "a permanent transfer to another facility from the facility where the grievance should have been filed." *Id*. When Ms. West looked in the system for grievances filed by Plaintiff, her research found no grievances on the subject of Mr. Harris' claims against Defendants in the present case. *Id*. at p. 39 ¶9. Therefore, Plaintiff could have requested an extension of time and failed to do so.

Plaintiff's third and final contention is that filing a grievance would have been futile due to his contentious relationship with the prison's grievance coordinator, Heidi Spoka. Additionally, Plaintiff believed that filing a grievance would be futile because he thought that his grievances filed at SCI Somerset were arbitrarily rejected in violation of the grievance policy. (ECF No. 96 at pp. 2 - 3.)

Even if Plaintiff believed that filing the grievance would be a futile, he was still required to file the grievance in order to exhaust his administrative remedies. As stated above, a prisoner's belief that filing a grievance would be futile is not an exception to the administrative exhaustion requirement. *Nyhuis*, 204 F.3d at 72.

Because Plaintiff did not file his retaliation claim through the grievance system, he did not exhaust his administrative remedies. Additionally, "it is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Beeson v. Fishkill Correctional Facility*, 28 F. Supp. 2d 884, 894 (S.D.N.Y. 1998), *overruled on other grounds* (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). As such, Plaintiff is barred from bringing this claim to federal court under 42 U.S.C. §1983, pursuant to the Prisoner Litigation Reform Act. 42 U.S.C. §1997e(a), and Defendant's Motion for Summary Judgement will be granted. An Order will follow.

Dated: June 29, 2017

_____
Lisa Pupo Lenihan
United States Magistrate Judge

6

cc: WILLIAM HARRIS
CX-7039
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450-0999

Counsel of record.